IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-57-RAW |
| | ) |
| KENDALL LEE FORRESTER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is the defendant's motion to dismiss Count Two of the Indictment as multiplicitous. The indictment (#2) charges defendant with three counts: (1) Murder in Indian Country; (2) Use, Carry, Brandish, and Discharge a Firearm during and in relation to a Crime of Violence; (3) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. §924(c).

The charging statute as to Count Two is 18 U.S.C. §924(c). The charging statute as to Count Three is 18 U.S.C. §924(j). The pending motion contends that Count Two is a lesser-included offense of Count Three, and that a conviction and sentence as to both counts would violate the Double Jeopardy Clause.

Multiplicity refers to multiple counts, sentences, or convictions which cover the same criminal behavior. *United States v. Cooper,* 2024 WL 3665952, *1 (10th Cir.2024). Multiplicitous convictions are improper because they allow multiple punishments for a single criminal offense, which violates the Constitution's Double Jeopardy Clause. *Id.* Multiplicity

is not an indictment defect, however, and the government may submit multiplicitous charges to the jury. *Id.* at n.3. Multiplicitous <u>sentences</u> violate the Double Jeopardy Clause, so if a defendant is convicted of both charges, the district court must vacate one of the convictions. *Id.*

A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court. *United States v. Johnson,* 130 F.3d 1420, 1426 (10th Cir.1997). The risk of a trial court not requiring pretrial election is that it may falsely suggest to a jury that a defendant has not committed one but several crimes. *Id.* Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue and will reach a compromise verdict or assume the defendant is guilty on at least some of the charges. *Id.* The trial court may also seek to address the issue in the jury instructions. *See United States v. Bolt,* 776 F.2d 1463, 1467-68 (10th Cir.1985).

Generally, faced with such a motion, this court has permitted the challenged count to survive, stating that the matter would be dealt with by jury instructions or ultimately at sentencing. Judge Wyrick recently rendered such a ruling regarding the same statutes at issue here. *See United States v. Hemingway,* 2023 WL 8004817, *2 (E.D.Okla.2023)(CR-21-139-PRW, Nov.17, 2023). Judge Goodwin has ruled to the same effect, also expressly finding that section 924(c) <u>is</u> a lesser-included offense of section 924(j). *United States v. Fincher,* 2022 WL 1105745, *3 (E.D.Okla.2022)(CR-21-359-CBG, April 13, 2022).

Here, the government both states that "the Indictment is not multiplicitous" (#33 at 1) and "[t]he government would concede that [section 924(c)] is a lesser included offense of [section 924(j)]. *Id.* at 3. Judge Goodwin found multiplicity, *Fincher,* at *4, and the undersigned agrees.

The defendant makes a reasonable argument that, under these circumstances, the court should exercise its discretion by dismissing Count Two, rather than go through the exercise of a trial on all counts. Of course, the entry of order deferring the issue is premised on the assumption that the parties (and the court) will revisit the issue prior to sentencing, assuming the defendant is convicted on all counts. This evidently did not take place in *United States v. Hicks,* 21-CR-379, a case cited by the present defendant.

The undersigned elects to follow its usual practice. The motion will be denied, and the court will seek to clarify possible confusion by way of jury instructions. Should the defendant be convicted of multiplicitous counts, one of the convictions will be vacated, and no multiplicitous sentences will be imposed.

It is the order of the court that the motion of the defendant to dismiss Count Two (#30) is hereby denied.

**ORDERED THIS 21st DAY OF AUGUST, 2024.**

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**