IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-24-57-RAW |
| | ) |
| KENDALL LEE FORRESTER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court are the objections of the defendant (#40) and the government (#39) to the Report and Recommendation (#38) of the United States Magistrate Judge. The Magistrate Judge recommended that the defendant's motion to suppress be granted.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." Rule 59(b)(3). The undersigned has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).

The Magistrate Judge recommended that "Defendant's statements beginning at 7:02 of the generated Transcript should be suppressed, except for purposes of impeachment." (#38 at 32). The defendant objects to the Magistrate Judge's decision to address admissibility for

purposes of impeachment. The government does not object to suppression of the statements after 16:39 of the generated transcript, but does object to the other recommended suppression.

The government's argument is that not until the 16:39 mark did defendant unequivocally invoke his right to remain silent. Upon de novo review, the undersigned finds this argument unpersuasive, and agrees with the thorough analysis of the Magistrate Judge.

For the defendant's part, he objects to the Magistrate Judge addressing impeachment, as the issue was not raised by the parties. Statements taken in violation of *Miranda* may nevertheless be used for impeachment purposes -- if the statements are voluntary. *See United States v. Stoner,* 466 Fed.Appx. 720, 725-27 (10th Cir.2012). The burden of proving voluntariness is on the government. *United States v. McCullah,* 76 F.3d 1087, 1100 (10th Cir.1996).

Defendant effectively makes two argument, one legal and one practical. The legal argument is that "the repeated efforts of the agents after ignoring his decision to cease questioning renders any statement involuntary under the Fifth Amendment." (#40 at 2). The undersigned agrees with the Magistrate Judge that, applying the factors articulated by the Tenth Circuit, the statements are properly found to be voluntary.

As for the practical argument, defendant correctly notes that impeachment only becomes an issue should the defendant choose to testify. Also, "the admissibility of any of his November 2, 2023 statements are dependent upon the nature of his testimony." (#40 at

2

2).  This is also correct, but trial conduct is beyond the scope of the Report and Recommendation.

It is the order of the court that the objection of the government (#39) and the objection of the defendant (#40) to the Report and Recommendation are overruled.  The Report and Recommendation (#38) is approved and adopted as the order of the court.  The motion of the defendant to suppress (#29) is hereby granted.

**ORDERED THIS 21st DAY OF AUGUST, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**